IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE, INDIANA

| | |
|---|---|
| BRAD HODSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| GRANT COUNTY COMMISSIONERS ) | |
| (IN THEIR OFFICIAL CAPACITY) ) | CAUSE NO.   1:25-cv-88 |
| ) | |
| GRANT COUNTY, INDIANA ) | |
| Defendants, ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Brad Hobson, complains of acts and omissions by the Defendants. In support of his Complaint and as cause of action against the Defendants, Plaintiff respectfully submits the following:

### JURISDICTION

1. This Court has jurisdiction over Plaintiff's federal claim under 28 U.S.C. §§ 1331 and 1343.

2. This Court possesses proper subject matter and personal jurisdiction over the parties.

3. Supplemental jurisdiction over the pendant state law claim is proper pursuant to 28 U.S.C. 1367(a) and common law.

4. Venue in the United States District Court for the Northern District of Indiana is proper pursuant to 28 U.S.C. § 1391 *et. seq*.

5. This suit is authorized and instituted pursuant to 42 U.S.C.S. § 1983 based on the Fourteenth Amendment of the United States Constitution.

1

6. Plaintiff is requesting attorney fees pursuant to 42 U.S. Code § 1988.

## PARTIES

7. Plaintiff is a U.S. citizen and at all relevant times resided in the Northern District of Indiana.

8. Defendant, Grant County, Indiana is a political subdivision and a local governmental unit in the State of Indiana in the Northern District of Indiana.

9. Defendant, Grant County Commissioners, is the governing body of Defendant, Grant County, Indiana

10. Grant County, Indiana is a "person" under 42 U.S.C. § 1983.

11. Grant County and Grant County Commissioners, acting under color of law, violated Hodson's rights as protected by the Fourteenth Amendments of the United States Constitution.

12. Defendants, Grant County and Grant County Commissioners, are a public agency per Indiana Code § 5-14-1.5-2(a) and (b).

## FACTS

13. On January 2, 2024, Plaintiff was appointed by Grant County for a four-year term as a Veteran's Service Officer ("VSO") by the Grant County Commissioners pursuant to Indiana Code § 10-17-1-9(a)(1)(A).

14. Plaintiff met all legitimate job expectations.

15. Plaintiff serves under the supervision of the Indiana Director of Veterans' Affairs pursuant to Indiana Code § 10-17-1-9(c)(3).

16. Plaintiff had a property interest in his employment created by Indiana state law in Indiana Code § 10-17-1-9 and Indiana Administrative Code, Title 915 § 1-1-7.

17. Plaintiff was not an employee-at-will and could only be terminated by the procedures

set out in Indiana Administrative Code 915 § 1-1-7.

18. On or about January 31, 2025, in an executive session the Grant County Commissioners informed the Plaintiff of his termination without a reason provided.

19. The Plaintiff's termination on or about January 31, 2025 by the Grant County Commissioners was a final action per Indiana Code § 5-14-1.5-6.1(c).

20. The Grant County Commissioners did not take final action of terminating the Plaintiff by vote in an open public session meeting in violation of I.C. § 5-14-1.5-6.1.

21. The Commissioners took no vote concerning the termination of Hodson's appointment in violation of I.C. § 5-14-1.5-6.1.

22. The Grant County Commissioners terminated Plaintiff without a recommendation of the Commission of the Department of Veteran Affairs in violation of 915 IAC § 1-1-7.

23. The Indiana Director of Veteran Affairs is the supervisor of Hodson in his position as VSO per I.C. §10-17-1-9(c)(3).

## COUNT I

*42 U.S.C. § 1983—14th Amendment-Deprivation of Property Rights*

24. Plaintiff incorporates by reference the proceeding paragraphs one (1) through twenty-three (23) as if fully rewritten herein.

25. Defendants at all times relevant to this action were acting under color of state law.

26. Hodson had a property interest in his employment as guaranteed by Indiana Administrative Code, Title 915 § 1-1-7, combined with Indiana Code § 10-17-1-9(a)(1)(A), and Indiana Code § 10-17-1-9(c)(3).

27. The Director of Veteran's Affairs did not recommend Hodson's separation.

28. Defendants' conduct deprived Hodson of a property interest in his employment.

29.   Defendants, as a result of discharging Plaintiff, violated his constitutional rights due to the Plaintiff having a property interest in his continued employment with a reasonable expectation of continued employment, had the effect of depriving the Plaintiff of rights secured by the Constitution and laws of the United States, specifically, the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## COUNT II
*42 U.S.C. § 1983-14th Amendment-Due Process Violation*

30.   Hodson hereby incorporates paragraphs one (1) through twenty-nine (29) as if they were stated fully herein.

31.   Pursuant to Indiana Administrative Code 915 § 1-1-7, combined with Indiana Code § 10-17-1-9(a)(1)(A), and Indiana Code § 10-17-1-9(c)(3), Hodson had a legitimate and reasonable expectation to be afforded the procedural rights in his employment.

32. The Director of Veteran's Affairs did not recommend Hodson's separation.

33.   Defendants terminated Hodson without providing due process to him.

34.   Defendants took no vote regarding Hodson's termination.

35.   Defendants, acting under color of law and pursuant to municipal policy, practice, and/or custom, denied Hodson his due process rights.

36. Defendants' actions constitute official actions without proper regard to Hodson's due process rights under the Fourteenth Amendment.

37. The act of terminating Hodson without due process was intentional and taken under color of state law.

38.   Hodson has been injured by Defendant's unlawful actions.

## COUNT III
*Indiana Open Door Violation Indiana Code 5-14-1.5-7*

39.    Hodson hereby incorporates paragraphs one (1) through thirty-eight (38) as if they were stated fully herein.

40. The purpose of the Indiana Open Door Law is to ensure that the business of the State of Indiana and its political subdivisions be conducted openly so that the general public may be fully informed.  Ind. Code § 5-14-1.5-1.

41. Section 6.1 of the Open Door Law permits executive sessions in certain specified instances including receiving information about an employee's alleged misconduct and to discuss, before a determination, the employee's employment status. Ind. Code § 5-14-1.5-6.1(b)(6).

42. An "executive session" is defined as "a meeting from which the public is excluded, except the governing body may admit those persons necessary to carry out its purpose." Ind. Code § 5-14-1.5-2(f).

43. The only official action that cannot take place in executive session is a final action which must take place at a meeting open to the public.  Ind. Code § 5-14-1.5-6.1(c).

44. A "final action" is defined as "a vote by the governing body on any motion, proposal, resolution, rule, regulation, ordinance, or order." Ind. Code § 5-14-1.5-2(g).

45. Defendants took final action by terminating Hodson in an executive session in violation of Ind. Code § 5-14-1.5-6.1.

46. A vote to terminate Hodson was not taken in a meeting open to the public.

47. Defendants wrongfully terminated Hodson in violation of Indiana Open Door Law.

48. Hodson has been injured by Defendant's unlawful actions.

 WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

 A.  Award Plaintiff back pay and benefits lost;

B.  Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C.  Award Plaintiff punitive damages;

D.  Award Plaintiff liquidated damages;

E.  Award Plaintiff his cost in this action and reasonable attorney fees;

F.  Award equitable relief;

G.  Declare Defendants' decision to terminate the Plaintiff void;

H.  Enjoin continuing, threatened, or future violations of the Indiana Open Door Law; and

I.  Grant Plaintiff any other relief which is allowable under the circumstances of this case.

**REQUEST FOR JURY TRIAL**

Comes now, the Plaintiff and requests that this cause be tried by a jury.

Respectfully submitted,

*/s/ Julie C. Alexander*
Julie C. Alexander (25278-49)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570
Email: jhaskin@jhaskinlaw.com
Email:Jalexander@jhaskinlaw.com