UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRAD HODSON, <br><br> Plaintiff, <br><br> v. <br><br> GRANT COUNTY COMMISSIONERS, et al., <br><br> Defendants. | CASE NO. 1:25-CV-88-HAB-ALT |

**OPINION AND ORDER**

Plaintiff Brad Hodson ("Hodson") is suing Defendants Grant County Commissioners (in their official capacity) and Grant County, Indiana (collectively "Defendants") asserting causes of action under 42 U.S.C. § 1983 as well as a state Open Door Law claim following Hodson's termination as Grant County's Veteran's Service Officer ("VSO"). (ECF No. 1). Defendants now move to dismiss Hodson's Complaint. (ECF No. 16). The parties have fully briefed the motion (ECF Nos. 17, 22, 23), making it ripe for consideration. For the reasons below, the motion will be GRANTED IN PART and DENIED IN PART.

**I.    Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any part of it, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When analyzing a motion to dismiss a claim under Rule 12(b)(6), the Court must accept the complaint's factual allegations as true and view them in the light most favorable to the plaintiff. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1006 (7th Cir. 2000). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and the "[f]actual allegations must be enough to raise a right to relief above the speculation level." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). That said, the Court is not "obliged to accept as true legal conclusions or unsupported conclusions of fact." *Bielanski v. Cnty. of Kane*, 550 F.3d 632 (7th Cir. 2008). And [t]hreadbare recitals of the elements of a cause of action, supported by merely conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Additionally, although a motion under Rule 12(b)(6) can be based only on the complaint itself, the court may also consider "documents attached to the complaint, documents that are critical to the complaint are referred to in it, and information that is subject to proper judicial notice." *Tobey v. Chibucos*, 890 F.3d 634, 648 (7th Cir. 2018). And it is well established in this circuit "that judges may take judicial notice of matters of public record when ruling on a motion to dismiss . . . [a]nd 'taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment.'" *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022) (quoting *Ennenga v. Starns*, 67 F.3d 766, 774 (7th Cir. 2012)). However, only when a fact is "not subject to reasonable dispute," Fed. R. Evid. 210(b), may a district court exercise the "narrow exception" that "permits a district court to take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment." *Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008).

**II.     Background**

On January 2, 2024, the Grant County Board of Commissioners appointed Plaintiff Brad Hodson to a four-year term as the county's Veteran's Service Officer ("VSO").[1] (ECF No. 1, ¶ 13). A year later during a January 2025 executive session of the county commissioners, Plaintiff was informed he would no longer serve as the county's VSO. (ECF No. 1, ¶ 18). Plaintiff alleges this action was taken without a vote and without a public meeting. (ECF No. 1, ¶¶ 20, 21). He also claims this action was taken without a recommendation of the Commission of the Department of Veteran Affairs. (ECF No. 1, ¶ 22).

On February 27, 2025, Hodson filed a Complaint against Defendants under 42 U.S.C. § 1983 alleging that he was unconstitutionally deprived of his property without due process of law when his employment as a VSO was terminated in January 2025. (ECF No. 1, ¶¶ 24–38). Specifically, Plaintiff claims he was denied his property rights when he was terminated without the state Director of Veteran's Affairs recommendation for his separation and without the county commissioners holding a vote regarding that termination. (ECF No. 1, ¶¶ 32, 34). Plaintiff also alleges that his termination during an "executive session" violates Indiana's Open Door Law, Ind. Code § 5-14-1.5-1 *et seq.*, because his termination was a "final action" which could only be taken at a public meeting. (ECF No. 1, ¶¶ 39–47).

---

[1] As an initial matter, Defendants have requested the Court take judicial notice of the minutes from the Grant County Board of Commissioners meeting on January 2, 2024, to show that Hodson was appointed to a one-year term, rather than a four-year term. (ECF No. 17 at 4–6; ECF 16-2 at 3). While the Court finds it can take judicial notice of the meeting minutes as a matter of public record, those minutes are far from clear or helpful to Defendants' case. The minutes only reflect a listing of "2024 Staffing Appointments" with no reference to term type or length. Again, under the 12(b)(6) standard of review, the Court must take all well-plead factual allegations as true and view the facts in the light most favorable to the plaintiff. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1006 (7th Cir. 2000). Because the minutes do not clearly indicate otherwise, the Court must presume that Plaintiff's "appointment" was for a four-year term, as alleged and as allowed by statute.

### III. Analysis

The Defendants move to dismiss all claims raised in the Complaint. The Complaint asserts claims for deprivation of property rights (Count 1) and denial of procedural due process (Count 2), both under the Fourteenth Amendment, as well as a violation of the Indiana Open Door Law (Count 3). Because both due process claims rely on the same alleged deprivation of a property right, the Court will address the § 1983 claims together, followed by the state claim.

#### a. § 1983 Claims

Plaintiff's § 1983 claims are based on an alleged unconstitutional deprivation of a property right in his continued employment by Defendants in violation of 42 U.S.C. § 1983, which provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983.

"To demonstrate a procedural due process violation of a property right, the plaintiff must establish that there is (1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process. Accordingly, a plaintiff asserting a procedural due process claim must have a protected property interest in that which [he] claims to have been denied without due process." *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010). Therefore, to prevail on his due process claim, Plaintiff "needs to identify a source, independent of the Due Process Clause, for the protectable property interest [he] claims to have." *Price v. Bd. of Educ. of City of Chicago*, 755 F.3d 605, 608 (7th Cir. 2014); *see also Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 904 (7th Cir. 2011) ("[I]n any due process case where the deprivation of property is alleged, the threshold question is whether a protected property interest actually exists."). Specifically,

4

Plaintiff's due process claims here turn upon whether he had a property right in his position as Grant County VSO.

For a Plaintiff to have a *constitutionally protected* property right in continued public employment, "he had to have a legitimate claim of entitlement to continue in the job." *Miyler v. Vill. of E. Galesburg*, 512 F.3d 896, 898 (7th Cir. 2008). Protected property interests in employment "are created and defined by an independent source, such as state law or a contract." *Id.* (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564 (1972)). Under Indiana law, the state recognizes two types of employment: (1) employment for a definite or ascertainable term, or (2) at-will employment. *Orr v. Westminster Vill. N., Inc.*, 689 N.E.2d 712, 717 (Ind. 1997). "When no definite or ascertainable term of employment exists, an employee is considered an employee at will and may be terminated at any time, with or without cause. *Moulton v. Vigo Cnty.*, 150 F.3d 801, 804–05 (7th Cir. 1998) (citing *Orr*, 689 N.E.2d at 717). Ultimately, "the presumption of at-will employment is strong" and the Indiana Supreme Court has been "disinclined to adopt broad and ill-defined exceptions to the employment-at-will doctrine." *Orr*, 689 N.E.2d at 717.

Here, Plaintiff claims two statutes give him a property right to continued employment. First, he points to the VSO statute itself, which provides that "[a] county executive: (1) shall designate and may: (A) appoint a county service officer for a four (4) year term; or (B) employ a county service officer . . . to serve the veterans of the county." Ind. Code § 10-17-1-9(a) (2024).[2] Second, Plaintiff references the state Administrative Code, which provides:

> If, in the judgment of the Commission of the Department of Veterans' Affairs, any District, County, or City Service Officer shall have been determined to have violated any of the rules adopted by the Commission, or otherwise disqualified

---

[2] The VSO statute was amended in 2025 to remove the ability to "appoint" VSOs, and county executives may now only "employ" county service officers. *See* Ind. Code § 10-17-1-9 (2025). Unless otherwise indicated, all other references to the VSO statute are to the law as it was in effect during the period of Plaintiff's appointment and subsequent termination.

5

>himself, or in the judgment of the Commission is unfit to perform the duties of his office or employment, the Commission may recommend to the appointing agencies of such officer or employee to his employer that such person be discharged from such office or employment.

915 Ind. Admin Code 1-1-7. In Plaintiff's eyes, these two statutes read together "set[] forth the procedural process and limitations in which Mr. Hodson's four-year appointment is the exception to Indiana's presumptive at-will policy." (ECF No. 22 at 12).

Defendants argue the VSO statute does not create a property right in continued employment because (1) the four-year term is optional, rather than required, and (2) the statute is silent as to requirements for termination. While Defendants are correct that the four-year appointment is optional, the Court is nevertheless bound at this early stage to construe the well-pleaded facts in favor of the Plaintiff, who alleges he was in fact appointed to a four-year term. (ECF No. 1, ¶ 13). And though Defendants attempt to rely on the Board of Commissioner meeting minutes as evidence that Plaintiff was appointed to a one-year term, as noted above, the minutes do not clearly indicate what kind of appointment was given.

As to the VSO statute or its corresponding administrative rule creating a property interest, the law is less than clear. Generally, courts look to the language of the statute to determine whether the employment is intended to be at will or if the employee can only be terminated for cause. *See, e.g.*, *Montgomery v. Stefaniak*, 410 F.3d 933, 939 (7th Cir. 2005) (concluding county probation officer had no property interest in continued employment because Indiana law provides that such officers serve "at the pleasure of the appointing court"); *Marion Cnty. Sheriff's Merit Bd. v. Peoples Broad. Corp.*, 547 N.E.2d 235, 239 (Ind. 1989) (holding the governing statute—which provides that sheriffs may dismiss county police officers "for cause"—creates a property interest and "legitimate claim of entitlement by the sheriff deputies to their jobs"). But while the VSO statute grants appointment power to the county executive and supervisory power to the Director of

Veterans' Affairs, it is completely silent as to any requirements or limitations for termination. Further, while the Administrative Code provision delineates *some* process, it does not actually limit the power to discharge or otherwise outline termination only "for cause." Instead, it grants a third party—the Commission of the Department of Affairs'—the ability to "*recommend* to the *appointing agencies* of such officer or employee to his employer that such person be discharged" from employment. 915 I.A.C. 1-1-7 (emphasis added). While that provision may limit the *Commission*'s discretion in recommending discharge, in no way does it limit the appointing agency's ability to discharge at will or for cause, as Plaintiff argues. *See* ECF No. 22, at 11; *see also Adams v. Hamilton Cnty.*, 255 N.E.3d 498, 509 (Ind. Ct. App. 2025) (noting the administrative rule makes clear that "when a County Service Officer fails to satisfactorily do his or her job, the Department will *recommend* termination of the County Service Officer's employment *to the employing county*" (emphasis added)).

The Court is unable to locate a case in Indiana or Indiana-related federal law where an Indiana statute is silent regarding termination procedures. With little else to go on, the Court assumes the reigning principle from *Orr* applies and that the "definite term" of four years as provided for in the statute could potentially create a cognizable property interest in an appointed VSO's continued employment. Of course, this question may be addressed again with more thorough briefing as the case moves forward and gains a fuller evidentiary record.

Because Plaintiff alleged he was appointed to a four-year term and the VSO statute could possibly support a property interest in his continued employment, Defendant's Motion to Dismiss the § 1983 claims is DENIED.

### b. Indiana Open Door Law Claim

Defendants also seek to dismiss Count 3 of the Complaint, which alleges that Plaintiff's dismissal during an executive session was a violation of Indiana's Open Door Law, Ind. Code § 5-14-1.5-1 *et seq.* (ECF No. 1, ¶¶ 39–47).

Indiana's Open Door Law aims to keep the public informed of the government's business. I.C. § 5-14-1.5-1. The law requires that a "final action"—that is, "a vote by the governing body on any motion, proposal, resolution, rule, regulation, ordinance, or order," I.C. § 5-14-1.5-2(g)—be taken at a public meeting. I.C. § 5-14-1.5-6.1(c). Still, the law allows for some government business to be conducted in "executive sessions" from which the public may be excluded. I.C. § 5-14-1.5-2(f). Indiana courts have held that executive sessions can properly be held "to receive information concerning an individual's misconduct and discuss the individual's status as an employee and to discuss the job performance evaluations of individual employees." *Guzik v. Town of St. John*, 875 N.E.2d 258, 271 (Ind. Ct. App. 2007) (citing I.C. § 5-14-1.5-6.1). Additionally, "decisions made regarding an individual's employment are appropriate activities for an executive session." *Id.* (citing *Baker v. Town of Middlebury*, 753 N.E.2d 67, 71 (Ind. Ct. App. 2001)).

Defendants argue the claim should be dismissed because Plaintiff only alleges that he was "informed . . . of his termination" at an executive session in January 2025, not that the Board of Commissioners *voted* on his termination during that session, meaning Plaintiff has failed to properly allege a "final action"—as in, a vote by the governing body—took place at that session. (ECF No. 17, at 14 (citing ECF No. 1, ¶ 18)). Plaintiff offers no substantive argument in response. (ECF No. 22, at 13–14).

It is well settled in Indiana that making decisions in executive sessions is allowed under the Open Door Law; it is merely "final actions" that must take place in public meetings. *See Baker*,

8

753 N.E.2d at 71. *Baker v. Town of Middlebury* is instructive. There, a town employee was informed in an executive session that he would not be rehired, and the court found the town in the executive session "made a *decision* not to include Baker on the list of rehires to be presented" at the public meeting, but that decision was not a "final action" because it was not voted on during that executive session. *Id.* (emphasis in original); *see also id.* ("[T]he Council's 'final action' on the issue of which employees would be rehired consisted of its vote at the public meeting, not its compilation of the rehire list in executive session reflecting its decision on what final action should be taken."). So despite a *decision* being made at the executive session, that decision was not a "final action" until the Council voted to appoint Baker's successor in a public meeting following the executive session. *Id.*

This is much the same story—Plaintiff alleges he was informed of the Board's decision during the January 2025 session, not that they voted in that session to replace him or officially appointed a replacement. And, as stated above, "Indiana courts have held that 'decisions made regarding an individual's employment are appropriate activities for an executive session.'" *Eller v. Gary Cmty. Sch. Corp.*, No. 2:08-CV-307, 2010 WL 3719536, at *7 (N.D. Ind. Sept. 14, 2010) (quoting *Guzik*, 875 N.E.2d at 271). Thus, Plaintiff has failed to state a claim under Indiana's Open Door Law and that claim must be dismissed.

**IV.  Conclusion**

For the reasons above, the Defendants' Motion to Dismiss (ECF No. 16) is GRANTED as to the Indiana Open Door Law claim (Count 3) and DENIED as to the federal § 1983 claims (Counts 1 and 2).

SO ORDERED on September 23, 2025.

        s/ Holly A. Brady
        CHIEF JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT