**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| BRAD HODSON, | |
| Plaintiff, | |
| v. | CASE NO. 1:25-CV-88-HAB-ALT |
| GRANT COUNTY COMMISSIONERS, et al., | |
| Defendants. | |

## OPINION AND ORDER

Before the Court are Plaintiff Brad Hodson's Motion for Default Judgment (ECF No. 28), Defendants Grant County Commissioners and Grant County's Motion to Vacate Clerk's Entry of Default (ECF No. 29), and Defendants' Motion for Leave to File Belated Answer and Affirmative Defenses Instanter (ECF No. 31), all filed on April 15, 2026. For the following reasons, Defendants' Motion to Set Aside Default will be GRANTED, Plaintiff's Motion for Default Judgment will be DENIED, and Defendants' Motion for Leave to File Belated Answer and Affirmative Defenses Instanter will be GRANTED.

### I.    BACKGROUND

Hodson filed his Complaint on February 27, 2025, bringing claims under 42 U.S.C. § 1983 for deprivation of property without due process, as well as a state Open Door Law claim, following his termination as Grant County's Veteran's Service Officer. (ECF No. 1). Instead of filing an Answer, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on April 28, 2025. (ECF No. 16). On September 23, 2025, the Court entered an Opinion and Order granting the motion in part and denying it in part, dismissing Hodson's Open Door Law claim but allowing Hodson's § 1983 claims to proceed. (ECF No. 25).

Following the entry of the Opinion and Order, Defendants failed to timely file an Answer within fourteen days, as is required under Federal Rule of Procedure 12(a)(4)(A). They did not seek an extension or otherwise acknowledge their failure to Answer.

Hodson moved for entry of default against Defendants on April 14, 2026. (ECF No. 26). The Clerk entered default on April 15, 2026. (ECF No. 27) The parties filed the instant motions on the same day.

## II.    ANALYSIS

Defendants' Motion to Vacate the Clerk's Entry of Default is made pursuant to Federal Rule of Civil Procedure 55(c), which states: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Notably, the standard for setting aside an entry of default under Rule 55(c) is "somewhat more lenient" than it is for vacating a default judgment under Rule 60(b). *JMB Mfg., Inc. v. Child Craft, LLC*, 799 F.3d 780, 792 (7th Cir. 2015). This is because the Court should treat default as "a weapon of last resort, appropriate only when a party willfully disregards pending litigation." *Sun v. Bd. of Trs. Of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). Thus, a party seeking to set aside an entry of default prior to the entry of final judgment must show (1) good cause for its default, (2) quick action to correct it, and (3) a meritorious defense to the plaintiff's complaint. *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 949 (7th Cir. 2020).

Regarding good cause, the Seventh Circuit has explained that the lenient 55(c) standard means "an entry of default may be set aside for 'good cause,' which does not necessarily require a good excuse for the defendant's lapse." *JMB Mfg., Inc.*, 799 F.3d at 792. Generally, there is "good cause" when the defendant "did not willfully ignore the pending litigation, but, rather, failed

to respond to the summons and complaint through inadvertence." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009).

Here, Defendants acknowledge that they did not file an Answer, but argue that this failure was inadvertent, not willful. They explain that their failure to answer the Complaint was counsel's "oversight with respect to calendaring the answer due date." (ECF No. 29 at 2). As evidence that they were not willful in missing this deadline, Defendants emphasize that they have continued to participate actively in this litigation—serving discovery requests, responding to discovery requests served by Hodson, and scheduling a date for Hodson's deposition.[1] *Id.*

Hodson does not dispute Defendants' account of their ongoing active participation in the litigation. Rather, Hodson characterizes Defendants' continued participation after failing to file an Answer as "a case of prolonged inattention to a known obligation." ECF No. 32 at 2-3. However, Hodson provides no evidence that Defendants were aware of their error—in fact, it seems that Hodson himself may not have been aware. Counsel for the parties have exchanged multiple emails, regarding both discovery and settlement. Throughout this correspondence, neither Hodson nor his counsel ever mentioned Defendants' failure to file an Answer. The Court finds that Defendants' continued, active participation in this litigation counsels toward a finding of inadvertence, not willfulness, on the part of the Defendants, and concludes that the first factor is satisfied.

The Court finds that the second factor—quick action—also counsels towards vacating the default. Defendants state that they were unaware of their failure to file an Answer until April 14, 2025, when Hodson filed his motion for Clerk's Entry of Default. Just one day later, Defendants

---

[1] Hodson notes that his deposition was "canceled approximately one hour before its scheduled start time after Plaintiff had traveled approximately three hours to attend." ECF No. 32 at 1. Defendants explain that the deposition was canceled because Hodson filed his motion for default the night before the deposition was scheduled to occur. ECF No. 33 at 1 n.1.

filed the Motion to Vacate, along with a Motion for Leave to File Belated Answer and Affirmative Defenses Instanter. This almost immediate response to discovering their error counsels towards granting vacatur.

Hodson argues that he was prejudiced by Defendant's delay in filing an Answer, pointing out that he had to prosecute his claims, respond to discovery, and prepare for deposition without the benefit of a responsive pleading identifying Defendants' positions and defenses. ECF No. 32 at 5. The Court agrees that proceeding through discovery without the benefit of an Answer imposes a burden on a plaintiff. It is also true that the obligation of filing a timely Answer belongs to Defendants alone. Regardless, the Court finds that Hodson's failure to earlier notify Defendants of the error undercuts his claims of prejudice.

In arguing that his failure to address the lack of Answer as discovery progressed should not held against him, Hodson cites to the Seventh Circuit's opinion in *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989), in which the court stated that "the fact that the [plaintiff] initially did not seek entry of a default does not show that [plaintiff] was not prejudiced." In that case, the default was based on the defendants' failure to obey discovery orders and their failure to appear for properly noticed depositions. *Id.* at 1494. The plaintiff in *Di Mucci*, before moving for default, moved for an order to compel attendance at the depositions, a fact noted by the court in its explanation for its finding of prejudice. *Id.* at 1494. This would be akin to Hodson asking the Defendants to submit an Answer—or seeking an order from the Court to that effect—during the period of time he argues he was at a disadvantage due to Defendants' error. Because Hodson did nothing to alert Defendants of their failure to submit an Answer throughout the discovery process, his behavior is distinguishable from the plaintiff in *Di Mucci*, and the Court assigns little weight to his assertions of prejudice.

The last factor—whether Defendants have a meritorious defense—is least clear. A meritorious defense, for purposes of a motion to vacate a default, means "more than bare legal conclusions . . . but less than a definitive showing that the defense will prevail." *Parker v. Scheck Mechanical Corp.*, 772 F.3d 502, 505 (7th Cir. 2014). Hodson's remaining claims are for alleged unconstitutional deprivation of a property right in his continued employment by Defendants, in violation of § 1983. The parties disagree as to whether Hodson actually had a property right to continued employment—a predicate to his claim. In its Opinion and Order granting in part and denying in part Defendants' motion to dismiss, the Court found that the relevant statute "could potentially create a cognizable property interest in an appointed VSO's continued employment," while noting that the "question may be addressed again with more thorough briefing as the case moves forward and gains a fuller evidentiary record." ECF No. 25 at 7.

Hodson argues that Defendants' defense is "merely a contention that the defense hopes to develop later" and, therefore, does not rise to the level of a meritorious defense, citing the Seventh Circuit's opinion in *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012). ECF No. 32 at 6. But the defense at issue in *Wehrs* is distinguishable from the defense at issue here. In *Wehrs*, the defendant "ma[de] only a single conclusory statement" to bolster its defense. *Id.* The court found this to be insufficient, as the Seventh Circuit has "consistently held that . . . a general denial of the complaint's allegations, without any factual support, is insufficient to state a meritorious defense." *Id.* at 890-891. Here, Defendants have offered more than a general denial void of factual support. In their motion to dismiss, they offer both statutory interpretation and citations to the factual record in support of their argument that Hodson had no property interest in continued employment.

It is unclear to the Court at this time whether Defendants will prevail. But because the Seventh Circuit has a strong preference for cases to be decided on the merits, *see Cracco*, 559 F.3d

at 631, and because a meritorious defense does not require a definitive showing that the defense will prevail, see *Parker*, 772 F.3d at 505, the Court finds that this factor also counsels toward granting the motion for vacatur.

### III.    CONCLUSION

For the above reasons, the Court:

(1)  GRANTS Defendants' Motion to Vacate Clerk's Entry of Judgment;

(2) DENIES Hodson's Motion for Default Judgment; and

(3) GRANTS Defendants' Motion for Leave to File Belated Answer and Affirmative Defenses Instanter.

**SO ORDERED** this 21st day of May 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

6